UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GO NEW YORK TOURS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOUR CENTRAL PARK INC., <br><br> Defendant. | Civil Action No. 19-cv-9803 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, CANCELLATION OF DEFENDANT'S TRADEMARK REGISTRATION, COMMON LAW TRADEMARK INFRINGEMENT AND RELATED CLAIMS** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Go New York Tours, Inc. ("Plaintiff" or "GONY"), for its Complaint against defendant Tour Central Park Inc. ("Defendant" or "TCP"), alleges as follows:

## THE NATURE OF ACTION

1.  All of the claims herein arise out of and are based on Defendant TCP's ongoing, willful infringement of GONY's trademark rights.

2.  Plaintiff GONY offers bicycle rental services using the trademark and accompanying logo for "Bike Rental Central Park" (the "BRCP Mark").

3.  GONY's first use of the BRCP Mark in commerce was no later than April 25, 2008. GONY has used the BRCP Mark continuously in commerce since at least April 25, 2008. GONY continues to offer bicycle rental services under this mark.

4.  On January 16, 2019, GONY applied for the BRCP Mark and accompanying logo, Serial No. 88264058, in Class 39.

5.  Defendant TCP has used the BRCP Mark and/or the confusingly similar "Bike Rent NYC" in commence in offering its own bike rental services, in violation of federal and state

1

law.

6. Defendant's use of the BRCP Mark and/or the confusingly similar "Bike Rent NYC" is without GONY's consent.

7. TCP's unlawful conduct has caused and will continue to cause serious and irreparable harm to GONY. Consumers are likely to be confused as to a perceived affiliation, connection, association, sponsorship, endorsement, approval or permission between GONY and TCP. TCP's conduct is likely to dilute the distinctive and source-identifying quality of GONY's Mark and to damage, erode and diminish its economic value, which GONY alone has the right to commercially exploit.

8. GONY seeks injunctive and monetary relief against TCP's acts of federal trademark infringement, unfair competition, and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; related acts of trademark infringement and unlawful deceptive business acts and practices under New York law, including N.Y. Gen. Bus. L. §§ 133 and 349; and common law.

## THE PARTIES

9. Plaintiff GONY is a New York corporation with its principal place of business located at 2 East 42nd Street, New York, New York 10017.

10. Upon information and belief, Defendant TCP is a New York corporation with its principal place of business at 203 West 58th Street, New York, New York 10019.

## JURISDICTION AND VENUE

11. This Court has jurisdiction under Section 30 of the Lanham Act, 15 U.S.C. § 1221; under Sections 1331, 1338(a) and (b) and 1367(a) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367(a) and under Sections 2201 and 2202 of the Declaratory Judgments

2

Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. 1367(a).

12. Upon information and belief, this Court has personal jurisdiction over defendant TCP based upon its contacts with this forum, including that it is domiciled here and regularly and intentionally does business here, as well as the fact that it committed acts giving rise to this lawsuit here.

13. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(1)-(2) and (c)(2) because Defendant has its office and regularly transacts business in this district and is subject to personal jurisdiction in this district, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## FACTS

### I. GONY's Mark.

14. Plaintiff GONY uses the BRCP Mark to promote and sell bike rentals and guided bike tours in New York City.

15. Since at least as early as April 25, 2008, GONY has continuously provided bike rental and tour services under the brand name "Bike Rental Central Park."

16. Plaintiff GONY uses the BRCP Mark is used to promote, advertise and identify the services provided in many different types of media, including on its website, www.bikerentalcentralpark.com, and various social media accounts maintained by GONY including Facebook, Instagram and Twitter.

17. GONY advertises worldwide via the Internet using the BRCP Mark. Indeed, the business of GONY is to provide tours of New York City to tourists visiting from all over the world. In addition to bike rentals, GONY also offers tours of New York City to people visiting

the city from all over the country and worldwide via double-decker tour buses and boats.

18. GONY also utilizes the BRCP Mark in print advertisements and brochures to promote its services.

19. By virtue of using the BRCP Mark in commerce since at least as early as April 25, 2008, GONY has established and is the owner of common law trademark rights for the word mark "Bike Rental Central Park" and accompanying logo. Plaintiff GONY has established and owns such common law trademark rights as a result of its use of the mark.

20. On January 16, 2019, GONY filed an application with the United States Patent and Trademark Office ("USPTO") for the word mark for "Bike Rental Central Park" and the accompanying logo in international Class 39 for "rental of bicycle" for publication on May 28, 2019. A true and accurate copy of the Trademark Application for United States Trademark Serial No. 88264058 is attached at **Exhibit 1**.

21. The description of the mark in the Trademark Application is as follows: "[t]he mark consists of a stylized circular logo with a drawing of a white bicycle on a green background that represents grass and trees, with a blue stylized image of a skyline and yellow sky, all inside a white circle surrounded by a blue circle border with the wording 'BIKE RENTAL' in white at the top of the blue circle and 'CENTRAL PARK' in yellow on the bottom of the circle with a yellow sun between the words 'bike rental' and 'central park.'" *See* Ex. 1.

22. The USPTO was prepared to issue this mark to Plaintiff GONY. On May 8, 2019, the USPTO issued an Official USPTO Notice of Publication Under 12(a) for Serial No. 88264058. A copy of the Notice of Publication is annexed hereto as **Exhibit 2.**

23. Defendant TCP, however, applied to the USPTO for several extensions of the time to oppose the registration of the BRCP Mark.

24. On September 24, 2019, Defendant TCP filed an opposition proceeding to the issuance of the BRCP Mark to GONY with the USPTO.

## II. Defendant's Infringing Mark.

25. On April 10, 2019, Defendant TCP filed an application with the USPTO for the word mark "Bike Rent NYC" in Classes 39 and 41 for publication on October 1, 2019 which was designated United States Trademark Serial No. 88379704.

26. According to its opposition filing, Defendant TCP first used the "Bike Rent.NYC" mark in commerce on December 1, 2014.

27. Defendant TCP did not begin to use the infringing mark "Bike Rent.NYC" until December 1, 2014, which was at least six and a half years after GONY's first use of the BRCP Mark on April 25, 2008.

28. On April 10, 2019, Defendant TCP also filed an application with the USPTO for the word mark and associated design mark "Bike Rent.NYC" in Classes 39 and 41 for publication on October 1, 2019 which was designated United States Trademark Serial No. 88379789 (together, TCP's marks will be referred to herein as the "Bike Rent NYC Marks").

29. The description of Defendant's "Bike Rent.NYC" mark is as follows: "The mark consists of the words 'BIKE RENT.NYC' in a green circle, with the word 'BIKE' appearing in green, the word 'RENT' appearing in grey, the period appearing in green, and the word 'NYC' appearing in black. All of the foregoing positioned on a white background."

30. According to its trademark application, TCP first used the "Bike Rent.NYC" word mark and associated design mark on December 1, 2014.

31. Defendant TCP did not begin to use the infringing mark "Bike Rent.NYC" until December 1, 2014, which was at least six and a half years after GONY's first use of the BRCP

Mark.

### III. Defendant TCP's Unauthorized Activities

32. Upon information and belief, Defendant TCP offers bike rental and guided bicycle tour services in the New York City area, where Plaintiff GONY's bike rental services are regularly available.

33. Defendant TCP has unlawfully repeatedly used the BRCP Mark and/or the confusingly similar Bike Rent NYC Marks in offering bike rental services on TCP's website, in promotional materials and advertising, and in personal appearances and presentations to its actual and prospective clients. By doing so, Defendant TCP has caused customer confusion between TCP and GONY as companies that offer bike rental and guided bicycle tour services.

34. Defendant TCP has repeatedly used GONY's BRCP Mark and/or the confusingly similar "Bike Rent NYC" to characterize, identify, and market the aforesaid bike rental services.

35. Defendant TCP's use of confusingly similar source indicators, such as "Bike Rent NYC," to characterize, identify, and market the aforesaid bike rental and guided bicycle tour services has added to the likelihood of confusion.

36. Defendant TCP is not related to or affiliated with Plaintiff GONY in any way and has not sought or received a license or authorization to use Plaintiff GONY's BRCP Mark for any purpose whatsoever, including the acts described herein.

37. Defendant TCP's infringement of Plaintiff GONY's BRCP Mark unlawfully wrests from GONY control over its reputation and, upon information and belief, is unjustly enriching Defendant TCP.

38. TCP's unauthorized acts as described herein have caused and will continue to cause irreparable damage to GONY and its business and goodwill unless restrained by this

Court.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))

39. Plaintiff GONY repeats, realleges and reincorporates the allegations of paragraphs 1 through 38 as if set forth in their entirety herein.

40. Plaintiff GONY holds a valid mark, the BRCP Mark, which is entitled to protection from infringement.

41. Defendant TCP has used GONY's BRCP Mark and/or the confusingly similar Bike Rent NYC Marks in connection with the sale and/or advertising of Defendant's services in commerce without Plaintiff GONY's consent.

42. Defendant's use of the GONY's BRCP Mark and/or the confusingly similar Bike Rent NYC Marks constitutes knowing, deliberate and willful infringement of GONY's common law trademark rights under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

43. Defendant TCP's use of GONY's BRCP Mark and/or the confusingly similar "Bike Rent NYC" is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection or association between TCP and GONY, and/or as to GONY's sponsorship or approval of TCP's goods, services and/or commercial activities.

44. Upon information and belief, since at least the filing of TCP's opposition to GONY's trademark application on September 24, 2019, TCP's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

45. Plaintiff GONY has been damaged by Defendant TCP's infringement of the BRCP Mark.

46. As a result of Defendant TCP's infringement, GONY is entitled to injunctive

relief in the form of an order prohibiting Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of GONY's BRCP Mark, including at least from selling, offering to sell, distributing or advertising goods and/or services using GONY's BRCP Mark and/or colorable imitations thereof including but not limited to the confusingly similar Bike Rent NYC Marks.

47. Plaintiff GONY is also entitled to recover Defendant TCP's profits, GONY's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

48. Plaintiff GONY is also entitled to an accounting of Defendant's profits.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition and False Designation of Origin Under Section 43(A) Of the Lanham Act, 15 U.S.C. § 1125(A))

49. Plaintiff GONY repeats, realleges and reincorporates the allegations of paragraphs 1 through 49 as if set forth in their entirety herein.

50. Defendant TCP's use of Plaintiff GONY's BRCP Mark and/or the confusingly similar Bike Rent NYC Marks constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Defendant's TCP's use of Plaintiff GONY's BRCP Mark and/or the confusingly similar Bike Rent NYC Marks is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between TCP and GONY, and/or as to GONY's sponsorship or approval of TCP's goods, services and/or commercial activities.

52. Defendant TCP's use of Plaintiff GONY's BRCP Mark and/or the confusingly

8

similar Bike Rent NYC Marks has caused, and unless enjoined, will continue to cause substantial and irreparable injury to GONY for which GONY has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the BRCP Mark.

53. Upon information and belief, since at least the filing of TCP's Opposition to GONY's trademark application on September 24, 2019, TCP's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

54. As a result of Defendant TCP's infringement, GONY is entitled to injunctive relief in the form of an order prohibiting Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of GONY's BRCP Mark, including at least from selling, offering to sell, distributing or advertising goods and/or services using GONY's BRCP Mark and/or colorable imitations thereof including but not limited to the confusingly similar Bike Rent NYC Marks.

55. Plaintiff GONY is also entitled to recover Defendant TCP's profits, GONY's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

56. Plaintiff GONY is also entitled to an accounting of Defendant's profits.

## THIRD CLAIM FOR RELIEF

### (Cancellation of TCP's Trademark Registration Under Section 37 Of the Lanham Act, 15 U.S.C. § 1119)

57. Plaintiff GONY repeats, realleges and reincorporates the allegations of paragraphs 1 through 56 as if set forth in their entirety herein.

58. Plaintiff GONY has continuously used the BRCP Mark in commerce since at least April 25, 2008.

59. Plaintiff GONY's use of the BRCP Mark in commerce outdates Defendant TCP's use of its trademarks by at least six and a half years.

60. Accordingly, Plaintiff GONY is the senior user of the BRCP Mark and Defendant TCP's Bike Rent NYC Marks should be cancelled on this basis.

61. Furthermore, Defendant TCP's Bike Rent NYC Marks are confusingly similar to GONY's BRCP Mark, and likely to cause confusion and/or mistake as to the as to the affiliation, connection or association between Defendant TCP and Plaintiff GONY, and/or as to Plaintiff GONY's sponsorship or approval of Defendant TCP's goods, services and/or commercial activities.

62. Accordingly, TCP's Bike Rent NYC Marks should be cancelled.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

63. Plaintiff GONY repeats, realleges and reincorporates the allegations of paragraphs 1 through 62 as if set forth in their entirety herein.

64. Plaintiff GONY has continuously used the BRCP Mark in commerce since at least

April 25, 2008.

65.     Defendant TCP's use of Plaintiff GONY's BRCP Mark and/or the confusingly similar Bike Rent NYC Marks constitutes common law trademark infringement and unfair competition with GONY under the common law of New York State.

66.     Defendant TCP's use of Plaintiff's GONY's BRCP Mark and/or the confusingly similar Bike Rent NYC Marks is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between TCP and GONY, and/or as to GONY's sponsorship or approval of GONY's goods, services and/or commercial activities.

67.     31.     Defendant TCP's use of GONY's BRCP Mark and/or the confusingly Bike Rent NYC Marks has caused, and unless enjoined, will continue to cause substantial and irreparable injury to GONY for which GONY has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the BRCP Mark.

68.     Upon information and belief, since at least the filing of TCP's Opposition to GONY's trademark application on September 24, 2019, TCP's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

69.     As a result of Defendant TCP's conduct, GONY is entitled to injunctive relief in the form of an order prohibiting Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of GONY's BRCP Mark, including at least from selling, offering to sell, distributing or advertising goods and/or services using GONY's BRCP Mark and/or colorable imitations thereof including but not limited to the confusingly similar Bike Rent NYC Marks.

70. Plaintiff GONY is also entitled to recover Defendant TCP's profits, GONY's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

71. Plaintiff GONY is also entitled to an accounting of Defendant's profits.

## FIFTH CLAIM FOR RELIEF

### (Unlawful Deceptive Acts and Practices under New York General Business Law § 349)

72. Plaintiff GONY repeats, realleges and reincorporates the allegations of paragraphs 1 through 71 as if set forth in their entirety herein.

73. Defendant TCP's use of GONY's BRCP Mark and/or the confusingly similar Bike Rent NYC Marks in commerce was consumer-orientated and constitutes a violation of Section 349 of the New York General Business Law.

74. Defendant TCP's use of Plaintiff's GONY's BRCP Mark and/or the confusingly similar Bike Rent NYC Marks is misleading in a material way and likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between Defendant TCP and Plaintiff GONY, and/or as to Plaintiff GONY's sponsorship or approval of Defendant's TCP's goods, services and/or commercial activities.

75. Plaintiff GONY has been injured as a result of Defendant TCP's deceptive acts.

76. TCP's use of GONY's BRCP Mark and/or the confusingly similar Bike Rent NYC Marks has caused, and unless enjoined, will continue to cause substantial and irreparable injury to GONY for which GONY has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the BRCP Mark.

77. 38. Upon information and belief, since at least the filing of TCP's Opposition

to GONY's trademark application on September 24, 2019, TCP's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

78.  As a result of Defendant TCP's conduct, GONY is entitled to injunctive relief in the form of an order prohibiting Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of GONY's BRCP Mark, including at least from selling, offering to sell, distributing or advertising goods and/or services using GONY's BRCP Mark and/or colorable imitations thereof including but not limited to the confusingly similar Bike Rent NYC Marks.

79.  Plaintiff GONY is also entitled to recover Defendant TCP's profits, GONY's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

80.  Plaintiff GONY is also entitled to an accounting of Defendant's profits.

## SIXTH CLAIM FOR RELIEF

### (Trademark Infringement under New York General Business Law § 133)

81.  Plaintiff GONY repeats, realleges and reincorporates the allegations of paragraphs 1 through 80 as if set forth in their entirety herein.

82.  Defendant TCP's use of GONY's BRCP Mark and/or the confusingly similar Bike Rent NYC Marks constitutes a violation of Section 133 of the New York General Business Law.

83.  TCP's use of GONY's BRCP Mark and/or the confusingly similar Bike Rent NYC Marks is likely to cause confusion, cause mistake and/or deceive as to the affiliation,

connection or association between TCP and GONY, and/or as to GONY's sponsorship or approval of TCP's goods, services and/or commercial activities.

84. TCP's use of GONY's BRCP Mark and/or the confusingly similar Bike Rent NYC Marks has caused, and unless enjoined, will continue to cause substantial and irreparable injury to GONY for which GONY has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the BRCP Mark.

85. Upon information and belief, since at least the filing of TCP's Opposition to GONY's trademark application, TCP's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

86. As a result of Defendant TCP's conduct, GONY is entitled to injunctive relief in the form of an order prohibiting Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of GONY's BRCP Mark, including at least from selling, offering to sell, distributing or advertising goods and/or services using GONY's BRCP Mark and/or colorable imitations thereof including but not limited to the confusingly similar Bike Rent NYC Marks.

87. Plaintiff GONY is also entitled to recover Defendant TCP's profits, GONY's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

88. Plaintiff GONY is also entitled to an accounting of Defendant's profits.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff Go New York Tours, Inc. respectfully prays for judgment against Defendant Tour Central Park Inc. as follows:

1. Judgment that Defendant TCP has:

   a. Willfully infringed common law trademark rights in violation of § 1114 of Title 15 in the United States Code;

   b. Willfully engaged in unfair competition and/or used false designations of origin in violation of § 1125(a) of Title 15 in the United States Code;

   c. Willfully infringed Plaintiff GONY's common law trademark rights and engaged in unfair competition in violation of the common law of New York;

   d. Willfully committed deceptive acts in violation of Section 349 of the New York General Business Law; and

   e. Willfully committed acts with the intent to deceive or mislead in violation of Section 133 of the New York General Business Law.

2. An injunction prohibiting Defendant TCP and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of GONY's BRCP Mark, including at least from selling, offering to sell, distributing or advertising goods and/or services using GONY's BRCP Mark and/or colorable imitations thereof including but not limited to the confusingly similar Bike Rent NYC Marks;

3. An order directing the destruction of all advertising materials related to goods and/or services marketed by TCP using GONY's BRCP Mark and/or colorable imitations thereof including but not limited to the confusingly similar Bike Rent NYC Marks including on the

Internet;

4. An award of TCP's non-duplicative profits, GONY's actual damages, enhanced profits and damages, punitive damages, and costs and reasonable attorneys' fees for TCP's trademark infringements and acts of unfair competition and unfair business practices;

5. An accounting of Defendant's profits; and

6. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 23, 2019

**BARTON LLP**

By: /s/ Maurice N. Ross /s/
Maurice N. Ross
Laura-Michelle Horgan

711 Third Avenue, 14th Floor
New York, NY 10017
(212) 687-6262
mross@bartonesq.com
lhorgan@bartonesq.com

*Attorneys for Plaintiff*
*Go New York Tours, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Go New York Tours, Inc. hereby demands trial by jury on all issues raised by the Complaint.

Dated: New York, New York  
October 23, 2019

**BARTON LLP**

By: ___/s/ Maurice N. Ross /s/___  
     Maurice N. Ross  
     Laura-Michelle Horgan

711 Third Avenue, 14th Floor  
New York, NY 10017  
(212) 687-6262  
mross@bartonesq.com  
lhorgan@bartonesq.com

*Attorneys for Plaintiff*  
*Go New York Tours, Inc.*